Gang Geng HUANG, Petitioner,

v.

UNITED STATES DEPARTMENT OF

JUSTICE, Alberto R. Gonzales,[1] United States Attorney General, Respondents.

No. 04–2355–AG NAC.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Gregg A. Marchessault, Assistant United States Attorney, Eastern District of Texas, Tyler, Texas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Gang Geng Huang petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When a summary decision of the BIA affirms the IJ's decision in all but one aspect, this Court reviews the judgment of the IJ as modified by the BIA's decision— "that is, minus the single argument ... that was rejected by the BIA." *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

A crucial factor that the IJ relied on in her adverse credibility determination was that Huang's statements in his airport interview were inconsistent with his later statements at the removal hearing with

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

respect to major details. This Court has noted that when airport statements and later testimony present "materially different accounts" of the alleged persecution, and the inconsistencies go to the heart of the asylum claim, the alien's testimony can properly be considered incredible. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–82 (2d Cir.2004). There are major inconsistencies between Huang's airport interview and his testimony, most notably that he gave different accounts for why he came to the United States and why he feared going back to China; the reasons he offered at the airport hearing certainly do not support a finding that he was escaping, or in fear of, persecution in China. These inconsistencies are "substantial evidence" supporting the IJ's credibility determination. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 2d Cir.2004).

The remaining inconsistencies on which the IJ relied for her adverse credibility finding are also supported by substantial evidence: Huang claimed that his wife went into hiding in May 2000, but she appeared for the first time in his household registration booklet during this time period; Huang testified that both he and his wife were threatened with sterilization, but, in his asylum application, he claimed that only his wife was threatened with sterilization; and Huang never stated in his asylum application or during direct examination that his father had been beaten during the course of his family's January 2001 escape from family planning officials, as he claimed during cross-examination. These reasons bear a legitimate nexus to the details of Huang's wife's alleged forced sterilization, and thus are proper bases for an adverse credibility determination. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Further, the IJ's decision to deny withholding of removal on the adverse credibility finding made as to the asylum claim was proper. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir.2004). The IJ's decision to deny CAT relief after finding that Huang, even if credible, "ha[d] not presented any testimony at all that he has any fear that he would be tortured if returned to China," was also proper. *See Ramsameachire*, 357 F.3d at 184. Huang's argument that the BIA's decision should be reversed because of its "cursory, summary" nature is without merit. This Court has held that summary affirmances by the BIA are valid and do not deprive an asylum applicant of due process. *See Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 157–59 (2d Cir.2004). Lastly, as neither party has argued against the BIA's amendment to the IJ's decision, in which the BIA held that Huang had not brought a frivolous claim, any challenge to the amendment is waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).